

FILED

9:00 am, 8/18/16

**Stephan Harris**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FREDDIE EUGENE McCOY. <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF WYOMING, et al., <br><br> Defendants. | Case No:  15-CV-103-F |

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 29).  In his motion, Plaintiff asks the Court to reconsider its June 21, 2016 Order Granting Defendants' Motion to Dismiss (Doc. 24).  Additionally, Plaintiff is also asking to have state officials Robert Lampert and Brenda Reedy returned to the suit in their individual capacity.  The Court has reviewed the motion and is fully informed in the premises.

### PROCEDURAL HISTORY

As the Court has previously mentioned on numerous occasions, this case has an extensive procedural history.  Plaintiff initially filed his Complaint on July 6, 2015. (Doc. 1).  He filed several returns of service on October 6, 2015, showing that he had served Defendants by certified mail. (Docs. 2-6). Then on October 26, 2015, Plaintiff filed a motion for entry of default.  (Doc. 7).  On October 29, 2015 the Court denied the motion, finding that Plaintiff had failed to properly serve Defendants, because he attempted to

serve by certified mail, rather than personal service as required by both the Federal Rules of Civil Procedure and the Wyoming Rules of Civil Procedure. (Doc. 8).

Plaintiff then summited a motion for reconsideration and also filed "proof of proper service". (Doc. 9 and 10). He also asked for service on just the State of Wyoming, since all parties were represented by the same attorney. (Doc. 9 at 4). Plaintiff also filed "Proof of Proper Service" including copies of requests for waiver of service sent to the State of Wyoming. (Doc. 10).

On December 3, 2015, the Court denied the Motion for Reconsideration, explaining that service by certified mail was not proper. (Doc. 11). The Court also explained that the copy of the request for waiver of service was not proper service, but rather the waiver signed by Defendant was required to complete service. (*Id.*). The Court noted that it did not appear Plaintiff had provided Defendants with actual waivers of service, only the requests for the waiver. (*Id.*).

On January 13, 2016, Plaintiff filed another motion to reconsider. (Doc. 12). Plaintiff's requested relief was slightly unclear, but it appeared Plaintiff took issue with the Court's observation that he failed to provide the actual waivers with his request for waivers. (*Id.*). The Court found Plaintiff's motion was moot because the Court had not taken any action that could be reconsidered. Recognizing Plaintiff's struggles with obtaining proper service in this case, the Court also provided Plaintiff an additional extension until February 29, 2016 to provide proof of service on Defendants. (Doc. 14).

After the February 29, 2016 deadline passed, without Plaintiff filing proof of service or any request for additional time, the Court dismissed this case without prejudice

for failure to prosecute on March 9, 2016. (Doc. 15). Then on April 5, 2016, more than a month after the expiration of the Court's third extension of time for Plaintiff to serve Defendants in this case, Plaintiff filed another motion for reconsideration, including proof of service on the State of Wyoming and the Wyoming Department of Corrections. (Doc. 16).

In that motion, Plaintiff continued to assert that his service by certified mail was proper service. Plaintiff even went so far as to suggest the Court gave preferential treatment to Defendants because of their governmental status. The Court denied the motion, explaining once again why service of process by certified mail was not proper. However, the Court considered and allowed Plaintiff's late service on the Wyoming Department of Corrections and the State of Wyoming and reinstated Plaintiff's Complaint as to those two Defendants only. The Court dismissed all other Defendants without prejudice.

The State filed a motion to dismiss for failure to state a claim, which the Court granted on June 21, 2016. (Doc. 24). However, the Court provided Plaintiff with an opportunity to amend his Complaint to state a claim. The Court allowed Plaintiff twenty-one days from the date of the Order to file an amended complaint. (*Id*.). Plaintiff then received an additional extension of time until August 15, 2016 to file his Amended Complaint. (Doc. 27). However, instead of filing an amended complaint with the necessary factual allegations, Plaintiff filed a motion to reconsider and also asked for more time to file his amended complaint. (Docs. 29 and 30). That motion is currently before the Court.

## DISCUSSION

In his Motion for Reconsideration Plaintiff asks the Court to reinstate his claims under §1983 and add Defendants Lampert and Reedy.  For the following reasons, Plaintiff's motion is DENIED.

There has been no final judgment in this case. Therefore, Plaintiff seeks to invoke the Court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.  See *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 (10th Cir. 1991).  Generally, in determining whether to grant a Motion for Reconsideration, the basic analysis is whether new evidence or legal authority has emerged or whether a prior ruling was clearly in error.  See *Innovatier, Inc., v. CardXX Inc.*, 2011 WL 93720 (D. Colo. January 11, 2011).  This standard is almost identical to the standard for a Rule 60(b) motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servante of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (citations omitted) "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

Plaintiff does not argue any new evidence that was not previously available or intervening change in the controlling law.  Rather, Plaintiff claims clear error.  First, Plaintiff claims that the State's Eleventh Amendment immunity does not apply to Title

VII claims and the Court's dismissal of those claims was improper. However, Plaintiff misunderstands the Court's order and the law. Plaintiff is confusing his statutory claims under Title VII, where sovereign immunity has been abrogated by Congress, with his claims under § 1983, where states are still entitled to sovereign immunity. These are different provisions of law. Plaintiff does not have a Title VII, § 1983 claim. Rather Plaintiff has claims under Title VII related to his allegations of employment discrimination and claims under § 1983 for constitutional violations, these are separate and distinct claims. The § 1983 claims are barred by sovereign immunity, as set out in the Court's June 21, 2016 Order, while Plaintiff's Title VII claims are not barred by sovereign immunity. Rather, the Court dismissed these claims without prejudice because Plaintiff failed to state a claim under Title VII. Additionally, while McCoy claims his suit is proper under the *Ex Parte Young* doctrine, it is clear that McCoy's Complaint only complained about past treatment by the WDOC and the relief is for money damages.

None of the arguments in McCoy's Motion to Reconsider are meritorious related to the State of Wyoming's immunity from suits for money damages under § 1983. As such McCoy's Motion for Reconsideration of the Court's dismissal of his § 1983 claims is DENIED.

Plaintiff also asks that Reedy and Lampert be added back into the suit because they were served with a summons under the rules. The Court presumes that Plaintiff is referring to individual capacity claims against Lambert and Reedy. Plaintiff failed to *properly* serve these Defendants in their individual capacity. The failure to properly serve these individuals is fatal to Plaintiff's claims against these individuals and as such

the Court will not reconsider its decision to dismiss these Defendants in their individual capacity from the case.

For all these reasons, the Court finds Plaintiff's Motion to Reconsider is DENIED.

**Motion for Extension of Time**

Plaintiff also seeks an additional 30 days to file his Amended Complaint based on his filing of the motion to consider.  Plaintiff has already received a significant amount of time to file an Amended Complaint.  Rather than filing an Amended Complaint he waited until the last possible day to file a motion to reconsider and ask for additional time to file his Amended Complaint.  The Court would note that the original Complaint in this case was filed more than a year ago. The delays in this case were mainly caused by Plaintiff's failure to properly serve Defendants and Plaintiff consistently filing motions for reconsideration, rather than following the Court's Orders.  In fact, this motion is Plaintiff's fourth motion to reconsider in this case.

The Court will allow Plaintiff a short extension until September 2, 2016 to file his Amended Complaint.  Plaintiff must file his Amended Complaint by this date, not a motion to reconsider or any other filing, but an Amended Complaint.  Failure to file an Amended Complaint by this date will lead the Court to close this case.

## CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Doc. 29) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (Doc. 30) is GRANTED IN PART.  Plaintiff shall have an extension of time until September 2,

2016 to file an Amended Complaint, failure to file an Amended Complaint by this date will result in the Court closing this case.

Dated this __18th__ day of August, 2016.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE