IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

*8:08 am, 9/28/16*

**Stephan Harris
Clerk of Court**

| | |
|---|---|
| FREDDIE EUGENE McCOY.<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF WYOMING, et al.,<br><br>　　　　　　Defendants. | Case No:  15-CV-103-F |

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 35). In Plaintiff's fifth motion for reconsideration he claims he did not receive the Court's order rejecting his motion for extension until September 10, 2016.

The Court has discussed the VERY lengthy procedural history of this case on numerous occasions. For purposes of this motion, the Court will only discuss the most recent events. After Plaintiff received several extensions in this case, he was able to finally serve the State of Wyoming and the Wyoming Department of Corrections ("the State"). The State then filed a motion to dismiss for failure to state a claim, which the Court granted on June 21, 2016. (Docs. 24). However, the Court provided Plaintiff with an opportunity to amend his Complaint to state a claim. The Court allowed Plaintiff twenty-one days from the date of the Order to file an amended complaint. (*Id.*). Plaintiff then received an additional extension of time until August 15, 2016 to file his Amended Complaint. (Docs. 20, 27).

However, on August 15, 2016, instead of filing an amended complaint with the necessary factual allegations, Plaintiff filed a motion to reconsider and on the following day, August 16, 2016, he asked for more time to file his amended complaint. (Docs. 29 and 30). The Court denied the motion to reconsider and provided Plaintiff until September 2, 2016 to file an amended complaint. (Doc. 31). The Court warned Plaintiff that failure to file by this date would result in the Court closing this case. (Doc. 31).

Plaintiff now claims that he did not receive the Court's order denying the motion for reconsideration and requiring his response by September 2, 2016. The Court finds this claim is not supported by the record. On August 18, 2016, the Court entered its Order denying Plaintiff's motion for reconsideration and giving him until September 2, 2016 to file his Amended Complaint. (Doc. 31). The docket entry states that it was mailed to Plaintiff on that date via US mail, this is the same address all other orders and other filings have been sent to. (*Id.*). Between August 18 and September 6, Plaintiff made no inquiries regarding the status of his motion for additional time. The Court finds Plaintiff's claim that he did not receive the Court's order allowing him until September 2, 2016 to file his Amended Complaint lacks credibility. Additionally, Plaintiff had no right to an extension beyond August 15, 2016. The fact Plaintiff requested additional time after his extended time expired, did not entitle him to additional time. Plaintiff's amended complaint was due August 15, 2016, he failed to file his amended complaint on that date, he did not even request additional time to file his amended Complaint until August 16, the day after his time expired. The Court then gave him one more extension until September 2, 2016, and he failed to file his amended complaint by that date.

Additionally, Plaintiff claims that only providing him until September 2, 2016 is too short of a deadline for Plaintiff to file an amended complaint. Plaintiff goes on to state that he believes the Court's lack of fundamental fairness shows favoritism to Defendants. Plaintiff's assertion completely ignores the record in this case, which shows Plaintiff has consistently received concessions and additional time from the Court. In fact, Plaintiff had from June 21, 2016 to September 2, 2016 to file an amended complaint in this case. That is more than 70 days. To suggest this is not sufficient time to allow Plaintiff to file an amended complaint is incredulous. It is Plaintiff's fault that he spent this time on an unmeritorious motion for reconsideration rather than an amended complaint, not the Court's. Plaintiff has been given more than a fair and adequate opportunity to pursue this case. However, at this time, the Court is not willing to consider any more extensions of time or motions to reconsider. This case is closed.

IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

Dated this  28th   day of September, 2016.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE